# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE

| | |
|---|---|
| JOSHUA GIBBONS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF KINGSPORT, a political subdivision of the State of Tennessee;<br><br>DALE PHIPPS, the Chief of the City of Kingsport Police Department, in his individual capacity;<br><br>JASON BELLAMY, Deputy Chief of the City of Kingsport Police Department, in his individual capacity;<br><br>SEAN CHAMBERS, Commander of the City of Kingsport Police Department, in his individual capacity;<br><br>MARTIN TAYLOR, a Lieutenant of the City of Kingsport Police Department, in his individual capacity;<br><br>DARRELL JOHNSON, a Lieutenant of the City of Kingsport Police Department, in his individual capacity;<br><br>ROBERT MILLS, a Detective of the City of Kingsport Police Department, in his individual capacity;<br><br>DANIEL HORNE, a Sergeant Detective of the City of Kingsport Police Department, in his individual capacity;<br><br>    Defendants. | CIVIL ACTION NO.: 2:23-CV-00138<br>JURY TRIAL DEMANDED |

# ANSWER

Come the Defendants, the City of Kingsport, Dale Phipps, Jason Bellamy, Sean Chambers, Martin Taylor, Darell Johnson, Robert Mills, and Daniel Horne (hereinafter collectively referred to as "Defendants"), by and through counsel, and for answer to the Complaint filed herein would state as follows:

1. Answering Paragraph 1 of the Complaint, it is admitted that Plaintiff Joshua Gibbons (hereinafter "Mr. Gibbons") frequently films Kingsport Police Department officers during the scope of their employment. It is admitted that Mr. Gibbons was arrested at approximately 5:00 a.m. on October 18, 2022, pursuant to a warrant for his arrest. The remaining allegations are denied as stated.

2. Answering Paragraph 2 of the Complaint, the allegations are denied.

3. Answering Paragraph 3 of the Complaint, the allegations are denied.

4. Answering Paragraph 4 of the Complaint, the allegations are denied as stated. It is admitted that Kingsport Police Department became aware of a video that Mr. Gibbons recorded with his cell phone while driving at a speed that exceeded the posted speed limit. It is admitted that Mr. Gibbons continued to record an encounter with a Kingsport Police Department officer. The recording resulted in the Sullivan County District Attorney's Office bringing forth charges against Mr. Gibbons for speeding, unlawful use of a cell phone, and disorderly conduct.

5. Answering Paragraph 5 of the Complaint, it is admitted that the Mr. Gibbons was charged with speeding, unlawful use of a cell phone, and disorderly conduct. The remaining allegations are denied as stated.

6. Answering Paragraph 6 of the Complaint, the allegations contained therein are denied as written.

7. Answering Paragraph 7 of the Complaint, the allegations are denied.

2

8. Answering Paragraph 8 of the Complaint, the allegations are denied and strict proof is demanded.

9. Answering Paragraph 9 of the Complaint, the allegations are a statement of law and, thus, no response is required. The First Amendment speaks for itself and is the best evidence thereof. However, it is denied that any actions or inactions of the Defendants violated Mr. Gibbons' First Amendment rights.

10. Answering Paragraph 10 of the Complaint, the allegations are a statement of law and, thus, no response is required. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

11. Answering Paragraph 11 of the Complaint, the Defendants do not dispute that jurisdiction is proper.

12. Answering Paragraph 12 of the Complaint, the Defendants do not dispute that venue is proper.

13. Answering Paragraph 13 of the Complaint, the Defendants do not dispute that venue is proper.

14. Answering Paragraph 14 of the Complaint, the allegations in the first and second sentence are admitted. The Defendants are without sufficient information to admit or deny the allegations in the third sentence and strict proof of same is demanded. The allegations in the fourth sentence are generally admitted. The allegations in the final sentence are denied as stated and strict proof is demanded.

15. Answering Paragraph 15 of the Complaint, the allegations in the first sentence are admitted. The allegations in the second sentence are a statement of law and, thus, no response is

3

required. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

16. Answering Paragraph 16 of the Complaint, the allegations in the first sentence are admitted. The allegations in the second sentence are denied and strict proof is demanded. The remaining allegations are generally admitted. However, it is denied that there is any basis for recovery against Chief Phipps.

17. Answering Paragraph 17 of the Complaint, the allegations therein are statements of law and, thus, no response is required. The Charter for the City of Kingsport speaks for itself and is the best evidence thereof.

18. Answering Paragraph 18 of the Complaint, the allegations therein are statements of law and, thus, no response is required. The City of Kingsport Code of Ordinances speaks for itself and is the best evidence thereof.

19. Answering Paragraph 19 of the Complaint, the allegations contained therein are generally admitted.

20. Answering Paragraph 20 of the Complaint, the allegations in the first two sentences are admitted. The allegations in the third sentence are denied and strict proof is demanded. The remaining allegations are generally admitted. However, it is denied that there is any basis for recovery against Deputy Chief Bellamy.

21. Answering Paragraph 21 of the Complaint, the allegations in the first two sentences are admitted. The allegations in the third sentence are denied and strict proof is demanded. The remaining allegations are generally admitted. However, it is denied that there is any basis for recovery against Commander Chambers.

22. Answering Paragraph 22 of the Complaint, the allegations in the first two sentences are admitted. The allegations in the third sentence are denied and strict proof is demanded. The

4

remaining allegations are generally admitted. However, it is denied that there is any basis for recovery against Lieutenant Taylor.

23. Answering Paragraph 23 of the Complaint, the allegations in the first sentence are admitted. The allegations in the second sentence are denied and strict proof is demanded. The remaining allegations are generally admitted. However, it is denied that there is any basis for recovery against Lieutenant Johnson.

24. Answering Paragraph 24 of the Complaint, the allegations in the first sentence are admitted. Pertaining to the allegations in the second sentence, it is admitted Officer Mills obtained a warrant but the remaining allegations are denied and strict proof is demanded. The allegations in the third and fourth sentences are generally admitted. However, it is denied that there is any basis for recovery against Detective Mills.

25. Answering Paragraph 25 of the Complaint, the allegations in the first sentence are admitted. The allegations in the second sentence are denied and strict proof is demanded. The remaining allegations are generally admitted. However, it is denied that there is any basis for recovery against Sergeant Horne.

26. Answering Paragraph 26 of the Complaint, the statement therein does not contain allegations directed to the Defendants and, thus, no response is required.

27. Answering Paragraph 27 of the Complaint, the statements therein do not contain allegations directed to the Defendants and, thus, no response is required.

28. Answering Paragraph 28 of the Complaint, upon information and belief, it is admitted that Mr. Gibbons adopted the pseudonymous moniker "Big G Audits" and frequently records Kingsport Police Department officers and posts the recordings on YouTube.

29. Answering Paragraph 29 of the Complaint, to the extent any of the allegations contained therein are applicable to these Defendant, they are denied.

5

30. Answering Paragraph 30 of the Complaint, allegations are statements of law and, thus, no response is required. To the extent any response is required and to the extent it is implied these Defendants are liable, the allegations are denied and strict proof is required. Kingsport Police Department General Order No. 510.1 speaks for itself and is the best evidence thereof.

31. Answering Paragraph 31 of the Complaint, allegations are statements of law and, thus, no response is required. To the extent any response is required and to the extent it is implied these Defendants are liable, the allegations are denied and strict proof is required. Tennessee Code Annotated § 55-8-108 speaks for itself and is the best evidence thereof.

32. Answering Paragraph 32 of the Complaint, allegations are statements of law and, thus, no response is required. To the extent any response is required and to the extent it is implied these Defendants are liable, the allegations are denied and strict proof is required. Kingsport Police Department General Order No. 510.1 speaks for itself and is the best evidence thereof.

33. Answering Paragraph 33-48 of the Complaint, to the extent any of the allegations contained therein are applicable to the named Defendants or the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

34. Answering Paragraph 49 of the Complaint, the allegations contained therein are denied.

35. Answering Paragraph 50 of the Complaint, the allegations contained therein are denied.

36. Answering Paragraph 51 of the Complaint, the allegations are generally admitted. However, to the extent it is implied that the Defendants violated any of Mr. Gibbons' constitutional rights or federal law, the allegations are denied and strict proof is demanded.

37. Answering Paragraph 52 of the Complaint, the allegations are denied as stated.

6

38. Answering Paragraph 53 of the Complaint, the Defendants are without sufficient information or knowledge to admit or deny the allegations and strict proof of same is demanded.

39. Answering Paragraph 54 of the Complaint, it is admitted that Mr. Gibbons posted a YouTube video regarding Officer Ho on October 15, 2022.

40. Answering Paragraphs 55 – 58 of the Complaint, to the extent any of the allegations contained therein are applicable to the named Defendants or the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

41. Answering Paragraph 59 of the Complaint, it is admitted that a Complaint, which included a link to a YouTube video, was circulated on October 17, 2022. It is admitted that Lt. Johnson forwarded the Complaint, including a link to a YouTube video on October 17, 2022, which included the text "Big G Audit Video".

42. Answering Paragraph 60 of the Complaint, the allegations are denied as stated.

43. Answering Paragraph 61 of the Complaint, the allegations are admitted.

44. Answering Paragraphs 62 and 63 of the Complaint, the allegations are denied as stated.

45. Answering Paragraph 64 of the Complaint, the allegations are generally admitted.

46. Answering Paragraph 65 of the Complaint, the allegations are denied.

47. Answering Paragraph 66 of the Complaint, the report by Robert Mills will speak for itself and is the best evidence thereof.

48. Answering Paragraph 67 of the Complaint, the report by Robert Mills will speak for itself and is the best evidence thereof.

49. Answering Paragraph 68 of the Complaint, it is admitted that an email timestamped 2:18 p.m. on October 17, 2022, provided that the Sullivan County District Attorney's Office "was in full support" of charging Mr. Gibbons and that Detective Mills would obtain an arrest warrant.

50. Answering Paragraph 69 of the Complaint, the allegations are denied.

51. Answering Paragraph 70 of the Complaint, the allegations are denied.

52. Answering Paragraph 71 of the Complaint, the allegations are admitted.

53. Answering Paragraph 72 of the Complaint, the allegation contained therein is a statement of law to which no response is required. To the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

54. Answering Paragraph 73 of the Complaint, the allegations are denied.

55. Answering Paragraph 74 of the Complaint, the Affidavit will speak for itself and is the best evidence thereof.

56. Answering Paragraph 75 of the Complaint, the allegations are admitted.

57. Answering Paragraph 76 of the Complaint, it is admitted that Det. Mills sent an email to fellow officers, which was time stamped 4:03 p.m., that provided there was a warrant for Mr. Gibbons arrest.

58. Answering Paragraph 77 of the Complaint, it is admitted that a warrant for Mr. Gibbons' arrest was executed at approximately 5:00 a.m. on October 18, 2022, at Mr. Gibbons' residence that he shared with his mother.

59. Answering Paragraph 78 of the Complaint, upon information and belief, it is admitted the Plaintiff had a home surveillance and the video speaks for itself and is the best evidence thereof.

60. Answering Paragraph 79 of the Complaint, the Defendants are without sufficient information or knowledge to admit or deny the allegations and strict proof is demanded.

61. Answering Paragraph 80 of the Complaint, these Defendants are without sufficient information or knowledge to admit or deny the allegations and strict proof is demanded.

62. Answering Paragraph 81 of the Complaint, the Defendants are without sufficient information or knowledge to admit or deny the allegations and strict proof is demanded.

63. Answering Paragraph 82 of the Complaint, upon information and belief, the allegations contained therein are admitted.

64. Answering Paragraph 83 of the Complaint, the allegations are generally admitted.

65. Answering Paragraph 84 of the Complaint, the allegations are admitted.

66. Answering Paragraph 85 of the Complaint, the allegations are admitted.

67. Answering Paragraphs 86 of the Complaint, the allegations are admitted.

68. Answering paragraph 87 of the Complaint, the allegations are admitted.

69. Answering paragraph 88 of the Complaint, it is admitted the Plaintiff was convicted of disorderly conduct. As to the remaining allegations, the Defendants are without sufficient information to admit or deny the remaining allegations and strict proof of same is demanded.

70. Answering paragraph 89 of the Complaint, the allegations contained therein are admitted.

71. Answering paragraph 90 of the Complaint, the allegations contained therein are admitted.

72. Answering paragraph 91 of the Complaint, the allegations contained therein are admitted.

73. Answering Paragraphs 92 – 93 of the Complaint, the allegations are denied.

9

74. Answering Paragraph 94 of the Complaint, the allegations contained therein are denied as stated.

75. Answering Paragraph 95 of the Complaint, it is admitted that Mr. Gibbons posted bond to be released from incarceration. The remaining allegations are denied.

76. Answering Paragraph 96 of the Complaint, the allegations are denied.

77. Answering Paragraph 97 of the Complaint, the Defendants reincorporate their responses to Paragraphs 1-96.

78. Answering Paragraph 98 of the Complaint, the allegations are generally admitted. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

79. Answering Paragraphs 99 – 101 of the Complaint, the allegations therein are statements of law and, thus, no response is required. The First Amendment speaks for itself and is the best evidence thereof. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

80. Answering Paragraphs 102 – 105 of the Complaint, the allegations are denied.

81. Answering Paragraph 106 of the Complaint, the allegation therein is a statement of law and, thus, no response is required. The First Amendment speaks for itself and is the best evidence thereof. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

82. Answering Paragraph 107 of the Complaint, the allegations are denied.

83. Answering Paragraph 108 of the Complaint, the allegation therein is a statement of law and, thus, no response is required. The First Amendment speaks for itself and is the best

10

evidence thereof. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

84. Answering Paragraph 109 of the Complaint, the statements therein do not contain allegations directed to the Defendants and, thus, no response is required. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

85. Answering Paragraph 110 of the Complaint, the allegation therein is a statement of law and, thus, no response is required. Tennessee Code Annotated § 55-10-207 speaks for itself and is the best evidence thereof. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

86. Answering Paragraph 111 of the Complaint, the allegation therein is a statement of law and, thus, no response is required. Tennessee Code Annotated § 40-6-215 speaks for itself and is the best evidence thereof. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

87. Answering Paragraphs 112 – 113 of the Complaint, the allegation therein is a statement of law and, thus, no response is required. Kingsport Police Department General Order No. 520.2 speaks for itself and is the best evidence thereof. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

11

Case 2:23-cv-00138-TAV-CRW   Document 19   Filed 01/05/24   Page 11 of 18   PageID #: 79

88. Answering Paragraph 114 of the Complaint, the Defendants are without sufficient information or knowledge to admit or deny the allegations and strict proof of the same is demanded.

89. Answering Paragraphs 115 – 117 of the Complaint, the allegations are denied.

90. Answering Paragraph 118 of the Complaint, the allegation contained therein is generally admitted.

91. Answering Paragraph 119 of the Complaint, the allegations therein are statements of law and, thus, no response is required. However, to the extent it is implied that Chief Phipps violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

92. Answering Paragraph 120 of the Complaint, the allegations are denied.

93. Answering Paragraph 121 of the Complaint, the allegations are denied.

94. Answering Paragraph 122 of the Complaint, the Defendants reincorporate their responses to Paragraphs 1-121.

95. Answering Paragraph 123 of the Complaint, to the extent any of the allegations contained therein are applicable to the named Defendants or the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

96. Answering Paragraph 124 of the Complaint, the allegations contained therein are denied.

97. Answering Paragraph 125 of the Complaint, the allegation therein is a statement of law and, thus, no response is required. Tennessee Code Annotated § 39-17-305 speaks for itself and is the best evidence thereof. However, to the extent it is implied that the Defendants violated

any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

98. Answering Paragraphs 126 – 130 of the Complaint, the allegations are denied as stated.

99. Answering Paragraph 131 of the Complaint, the statement therein is a statement of law and, thus, no response is required.

100. Answering Paragraphs 132 – 138 of the Complaint, the allegations are denied.

101. Answering Paragraph 139 of the Complaint, the allegation contained therein is generally admitted.

102. Answering Paragraph 140 of the Complaint, the allegation therein is a statement of law and, thus, no response is required. However, to the extent it is implied that Chief Phipps violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

103. Answering Paragraph 141 of the Complaint, the allegations contained therein are denied.

104. Answering paragraph 142 of the Complaint, the allegations contained therein are denied.

105. Answering Paragraph 143 of the Complaint, the Defendants reincorporate their responses to Paragraphs 1-142.

106. Answering Paragraph 144 of the Complaint, the allegations are denied.

107. Answering Paragraph 145 of the Complaint, the allegations are admitted.

108. Answering Paragraph 146 of the Complaint, the allegations are denied.

109. Answering Paragraph 147 of the Complaint, the affidavit speaks for itself and is the best evidence thereof. However, to the extent it is implied that the Defendants violated any of the

13

Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

110. Answering Paragraph 148 of the Complaint, the allegations are denied.

111. Answering Paragraph 149 of the Complaint, the allegations are denied.

112. Answering Paragraph 150 of the Complaint, the allegations are denied.

113. Answering Paragraph 151 of the Complaint, the allegations are denied.

114. Answering Paragraph 152 of the Complaint, the allegations are denied.

115. Answering Paragraph 153 of the Complaint, the affidavit speaks for itself and is the best evidence thereof. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

116. Answering Paragraph 154 of the Complaint, the allegations are denied as written.

117. Answering Paragraph 155 of the Complaint, the allegations are denied.

118. Answering Paragraph 156 of the Complaint, the allegations are denied.

119. Answering Paragraphs 157 – 158 of the Complaint, the statements therein are legal conclusions and, thus, no response is required. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

120. Answering Paragraph 159 of the Complaint, the allegations are denied.

121. Answering Paragraphs 160 – 161 of the Complaint, the allegations are denied.

122. Answering Paragraph 162 of the Complaint, the allegations contained therein are generally admitted.

123. Answering Paragraph 163 of the Complaint, the allegation therein is a statement of law and, thus, no response is required. However, to the extent it is implied that Chief Phipps

14

Case 2:23-cv-00138-TAV-CRW   Document 19   Filed 01/05/24   Page 14 of 18   PageID #: 82

violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

124. Answering Paragraphs 164 – 165 of the Complaint, the allegations are denied.

125. Answering Paragraph 166 of the Complaint, the Defendants reincorporate their responses to Paragraphs 1-165.

126. Answering Paragraph 167 of the Complaint, it is admitted that Daniel Horne spoke with the Sullivan County District Attorney's Office before charges against Mr. Gibbons were filed. The remaining allegations are denied.

127. Answering Paragraph 168 of the Complaint, the allegations are denied.

128. Answering Paragraph 169 of the Complaint, the allegations are denied as stated. Mr. Gibbons was prosecuted by the Sullivan County District Attorney's Office for disorderly conduct.

129. Answering Paragraph 170 of the Complaint, the allegations are denied.

130. Answering Paragraph 171 of the Complaint, the allegations are denied.

131. Answering Paragraph 172 of the Complaint, the allegations are denied.

132. Answering Paragraph 173 of the Complaint, the allegations are denied.

133. Answering Paragraph 174 of the Complaint, the affidavit speaks for itself and is the best evidence thereof. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

134. Answering Paragraph 175 of the Complaint, the allegations are denied as written.

135. Answering Paragraph 176 of the Complaint, the allegations are denied.

136. Answering Paragraph 177 of the Complaint, the allegations are denied.

137. Answering Paragraph 178 of the Complaint, it is admitted Plaintiff was found guilty of disorderly conduct after a trial in Sullivan County General Sessions Court. The remaining allegations are denied.

138. Answering Paragraphs 179 - 180 of the Complaint, the allegations are denied.

139. Answering Paragraph 181 of the Complaint, the allegations are generally admitted.

140. Answering Paragraph 182 of the Complaint, the allegations therein are statements of law and, thus, no response is required. However, to the extent it is implied that the Defendants violated any of the Plaintiff's constitutional rights or federal law, the allegations are denied and strict proof is demanded.

141. Answering Paragraphs 183 – 184 of the Complaint, the allegations are denied.

142. Answering the "Prayer for Relief" Paragraph A., the allegations are denied.

143. Answering the "Prayer for Relief" Paragraphs B. – E., the Defendants deny that they are liable to the Plaintiff for the relief sought therein.

144. Answering "Demand for Jury Trial", the Defendants also request a trial by jury.

145. The Defendants aver they are not liable to the Plaintiff in any amount whatsoever.

146. The Complaint fails to state a claim upon which relief can be granted.

147. Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983; specifically, any violation of the First Amendment and/or Fourth Amendment.

148. At all times, the individual Defendants collectively and/or individually acted as a reasonable officer would under the circumstances.

149. The individual Defendants aver and specifically plead their actions are protected by qualified immunity.

150. Plaintiff has sued Chief Dale Phipps, Deputy Chief Jason Bellamy, Commander Chambers, Lieutenant Taylor, Lieutenant Johnson, Detective Mills, and Sergeant Horne in their

16

official capacity, which is the same as suing the City of Kingsport, Tennessee. Any and all defenses of the City of Kingsport are also available to the individual Defendants, including, but not limited to, the affirmative defenses contained in the Tennessee Governmental Tort Liability Act and the Public Duty Doctrine.

151. The training provided by the City of Kingsport, Tennessee to its police officers meet and/or exceeds all requirements under law.

152. The policies and practices of the City of Kingsport, Tennessee are lawful and comply with all constitutional requirements in all aspects.

153. Further answering the Complaint, any allegations in Plaintiff's Complaint not heretofore admitted, denied, or explained are hereby separately and specifically denied and strict proof is demanded.

154. The Defendants reserve the right to amend their Answer as litigation proceeds and discovery continues.

s/J. Christoper Rose
J. Christopher Rose (BPR #028106)
Sydney B. Gilbert (BPR #036022)
*Counsel for City of Kingsport*
**HUNTER, SMITH & DAVIS, LLP**
1212 N. Eastman Road
P. O. Box 3740
Kingsport, TN 37664
(423) 378-8871
Fax: (423) 378-8801
crose@hsdlaw.com
sgilbert@hsdlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, J. Christopher Rose, hereby certify that on the 5th day of January, 2024, an exact copy of the foregoing *Answer* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties or their counsel listed upon the filing receipt. All other parties or their counsel, if any, will be served by regular United States Mail. Parties or their counsel may access this filing through the Court's electronic filing system.

*s/J. Christopher Rose*

18

Case 2:23-cv-00138-TAV-CRW   Document 19   Filed 01/05/24   Page 18 of 18   PageID #: 86