# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### GREENEVILLE DIVISION

JOSHUA GIBBONS,

    *Plaintiff,*

    v.

DALE PHIPPS, *et al.,*

    *Defendants.*

No. 2:23-cv-00138-TAV-CRW

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION TO STAY

In accordance with Fed. R. Civ. P. 7(b) and E.D. Tenn. L.R. 7, Plaintiff Joshua Gibbons and Defendants City of Kingsport, Dale Phipps, Jason Bellamy, Sean Chambers, Martin Taylor, Darell Johnson, Robert Mills, and Daniel Horne ("Defendants") file this Memorandum of Law in support of their Joint Motion to Stay further proceedings in this matter pending the resolution of related state criminal proceedings.

## INTRODUCTION

Plaintiff initiated this civil action on October 17, 2023, following his arrest on October 18, 2022. Compl. [ECF No. 1] ¶¶ 77–84. Gibbons alleges that Defendants, a municipality and certain law enforcement officers and officials, arrested him in retaliation for posting online videos critical of the Kingsport Police Department and its officers. *Id.* ¶¶ 29–85. The resulting criminal proceeding against Gibbons remains pending in a Tennessee county court, where Gibbons has filed a motion to dismiss the

remaining charge on First Amendment grounds. Compl. ¶¶ 86–91. Defendants timely filed their Answer [ECF No. 19] on January 5, 2024.

Under the *Younger* abstention doctrine, a federal court cannot adjudicate the substance of the parties' claims or defenses during the pendency of a state court prosecution. The parties agree, and the Sixth Circuit recognizes, that the appropriate action is to stay this federal civil proceeding until resolution of the underlying criminal matter. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998). A stay of all proceedings will preserve Gibbons's ability to present his damages claims, protect Gibbons's Fifth Amendment rights, and preserve judicial resources.

## FACTUAL BACKGROUND

**A.      While Awaiting Criminal Trial, Gibbons Files This Civil Action Challenging His Arrest on First Amendment Grounds.**

On October 18, 2022, law-enforcement officers from the City of Kingsport arrested Gibbons, alleging that he had engaged in disorderly conduct and misdemeanor traffic offenses. Compl. ¶¶ 77–85. Gibbons alleges that the arrest was in retaliation for expression protected by the First Amendment, including filming and criticizing Kingsport police officers online and off. *Id.* ¶¶ 29–51.

As alleged in the Complaint, nine days before his arrest, Gibbons confronted a Kingsport police officer at a fast-food drive-thru, accusing the officer of speeding. *Id.* ¶¶ 29–51. Gibbons filmed the encounter and posted the video on YouTube. *Id.* ¶ 53. Gibbons alleges that he was arrested nine days later because Kingsport police, aggrieved by Gibbons's filming and videos, located the video of the drive-thru encounter

and used it to charge Gibbons with speeding, unlawful use of a cell phone, and disorderly conduct. *Id.* ¶¶ 53–67, 77–84.

**B.** **Gibbons Prevails on the Traffic Infractions and Is Awaiting De Novo Trial on the Disorderly Conduct Charge.**

On February 23, 2023, the Sullivan County General Sessions Court dismissed the traffic offenses—speeding and unlawful use of a telecommunications device—but convicted Gibbons of disorderly conduct, reasoning that Gibbons's words to the officer created a "physically offensive condition" under Tennessee's disorderly conduct statute. Compl. ¶¶ 86–88; *see* Tenn. Code § 39-17-305(a)(3) (defining disorderly conduct to include creating "a hazardous or physically offensive condition by any act that serves no legitimate purpose" in a public place with the "intent to cause public annoyance or alarm").

Gibbons exercised his right to seek a trial *de novo* in the Sullivan County Circuit Court, where he has moved to dismiss the disorderly conduct charge on First Amendment grounds. *See* Tenn. Code §§ 27-3-131(a), 27-5-108 (right to trial de novo). The next hearing in that matter is currently set for March 8, 2024.

Gibbons filed this action on October 17, 2023, in advance of the expiration of the statute of limitations. *Eidson v. Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (one-year statute of limitations applies to actions under 42 U.S.C. § 1983 in Tennessee).

## ARGUMENT

Because a state court proceeding remains pending, the *Younger* abstention doctrine means this Court has "no discretion to dismiss rather than to stay" proceedings.

*Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). That practice recognizes that complications would arise, as here, where a plaintiff institutes a parallel action to preserve damages claims before the statute of limitations lapses. Even if *Younger* did not apply, each of the traditional factors considered in weighing a stay motion militate in favor of a stay here.

## I. Federal District Courts Stay Damages Claims When *Younger* Abstention Arises.

Because a state court proceeding remains pending, the *Younger* abstention doctrine precludes this Court from adjudicating Gibbons's damages claims and Defendants' defenses. This Court should follow the common practice of issuing a stay pending resolution of the underlying criminal proceeding.

### A. This case is subject to *Younger* abstention because of the pending state criminal proceeding.

Under the *Younger* abstention doctrine, federal courts "postpone [the] exercise" of jurisdiction during the pendency of "cases parallel to pending state court proceedings." *Gottfried v. Med. Plan. Servs.*, 142 F.3d 326, 329, 333 (6th Cir. 1998) (quoting, in part, *England v. La. Bd. of Med. Examiners*, 375 U.S. 411, 416 (1964)). The doctrine requires that a defendant charged in state court first present his "constitutional claims as defenses to that action," affording the state court the first opportunity to remedy violations of the Constitution. *Id.* at 329.

*Younger* abstention applies where there is (1) a "currently pending" state court proceeding that (2) "involves an important state interest and (3) affords the plaintiff an adequate opportunity to raise constitutional" defenses. *Carroll*, 139 F.3d at 1074

4

(cleaned up). The pending state criminal proceeding against Gibbons, in which Gibbons has raised First Amendment arguments in his defense, satisfies these requirements.

### B. Staying damages claims during pendency of criminal proceedings is the common practice.

Where a plaintiff files a "claim related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice to stay the civil action" until resolution of the state court action. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (cleaned up). In some cases, that practice is mandatory. *See, e.g.*, *Deakins*, 484 U.S. at 202 (where *Younger* doctrine applies a federal court has "no discretion to dismiss rather than to stay" proceedings); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) (federal courts applying abstention principles to a damages claim may enter a stay). That "[w]ise" approach preserves comity by allowing state courts to first "authoritatively put to rest" underlying questions of state law. *Quackenbush*, 517 U.S. at 720 (quoting *United Gas Pipe Line Co. v. Ideal Cement Co.*, 369 U.S. 134, 135–36 (1962) (per curiam)).

This approach serves not only important principles of comity, but also avoids complications that would prejudice plaintiffs and burden district courts with avoidable litigation. For the parties and district courts alike, a stay avoids complicated questions arising from "a statute of limitations defense and various tolling arguments" that would accompany a suit filed at the conclusion of the criminal proceedings but after the statute of limitations had run. *Carroll*, 139 F.3d at 1075–76.[1] A stay is the "appropriate

---

[1] *See also Richardson v. Union Pub. Safety Dep't Police*, No. 7:10-cv-2679-JMC-JDA, 2011 U.S. Dist. LEXIS 60130, at *21 (D.S.C. May 13, 2011) (staying an action "ensures that a plaintiff who is

procedure," as it "avoids the costs of refiling [and] allows the plaintiff[] to retain [his] place on the court docket[.]" *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995).

Moreover, a stay preserves the availability of a forum for a plaintiff to "present the merits of [his] damages claims" if the state court does not provide that opportunity. *Carroll*, 139 F.3d at 1076. Here, that outcome is assured: Even if Gibbons prevails in the criminal proceeding, that proceeding will not provide any means of obtaining damages to remedy the violations of his fundamental constitutional rights. Gibbons can obtain damages *only* through this action.

A stay is therefore appropriate. Adjudication on the merits at the present stage would risk comity by having this Court weigh in on the merits of the underlying criminal matter, risk closure of the only forum available for Gibbons to obtain relief, and risk unnecessary litigation over statute of limitations issues.

## II.   A Stay Would Be Appropriate Even Absent *Younger* Abstention.

Separate and apart from whether *Younger* abstention supports a stay, this Court should exercise its inherent power to stay these proceedings.

Courts consider six factors in weighing whether to issue a stay:

A.   the extent to which issues in the criminal case overlap those in the civil case;

B.   the status of the criminal case;

C.   the interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay;

D.   the private interests of and burden on the defendants;

---

unable to pursue damages in the parallel state proceedings can return to federal court and reassert her claim for damages without being time-barred.").

E.      the interests of the courts; and

F.      the public interest.

*FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014).

Each of these factors militates in favor of granting a stay.

## A.      Issues in the criminal proceeding and this proceeding overlap.

The "extent to which the issues in the criminal case overlap with those in the civil case" is "the most important factor" in evaluating a stay. *Chao v. Fleming*, 498 F.Supp.2d 1034, 1039 (W.D. Mich. 2007). The more they overlap, the more likely the civil case is to implicate comity or risk the criminal defendant's constitutional rights against self-incrimination. *See id.* (identifying risk of self-incrimination).

The issues in the state criminal matter are inextricably tied to the issues here. Gibbons alleges that his arrest—which forms the basis of the remaining disorderly conduct charge—violated his First and Fourth Amendment rights. Gibbons has raised the First Amendment as a defense in the state court proceeding. The overlapping nature of these issues increases the likelihood that any decision on the merits will implicate principles of comity, which recognizes that state courts should have the first opportunity to address the matter.

## B.      The criminal proceeding is ongoing.

A stay request is strongest where, as here, a defendant has already been charged, as opposed to stays sought before an indictment. *Chao*, 498 F.Supp.2d at 1037–38 (citing cases). The state court criminal proceeding is currently ongoing. The next hearing is currently set for March 8, 2024. Because Gibbons has already been subjected to one trial and a second is to follow, this factor weighs firmly in favor of a stay.

**C. Adjudication of the civil action while the criminal matter remains pending risks Gibbons's Fifth Amendment rights and ability to vindicate his First and Fourth Amendment rights.**

The third factor, which considers Gibbons's interests, weighs strongly in favor of a stay. Absent a stay, Gibbons will be at risk of choosing between defending the First and Fourth Amendment rights violated by his arrest and, alternatively, preserving his Fifth Amendment right against self-incrimination. And dismissal would deprive Gibbons of any forum to vindicate the constitutional harm he alleges.

**i. Litigation of the merits risks Gibbons's Fifth Amendment right against self-incrimination.**

Just as dismissal would work unfair prejudice to Gibbons, so too would proceeding with litigation. Denying a stay when there are parallel criminal proceedings "could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Chao*, 498 F.Supp.2d at 1037 (quoting *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134, 1138 (S.D.N.Y. 1995)).

As the court in *Chao* noted:

> [R]equiring [a criminal defendant] to choose between asserting [his] Fifth Amendment rights (thereby subjecting [himself] to the very real possibility of adverse inferences) and [litigating the civil action] imposes a substantial burden upon [the criminal defendant], especially because the government is the real party in interest in both cases and could seek to use evidence gathered in [the civil] case in the criminal [proceeding].

498 F.Supp.2d at 1039.

That risk is present here. Requiring Gibbons to engage in discovery would necessarily risk admissions that could be used in the pending criminal action. And because the defendants in this action include the very law-enforcement officers who brought the criminal charges, there is a direct conduit between the defendants here and the prosecution in the underlying matter.

### ii. Dismissal would imperil Gibbons's ability to bring an action within the statute of limitations.

As noted above, dismissal of the instant action may generate avoidable complications concerning the statute of limitations.

Gibbons brought this suit to preserve his damages claims before the expiration of the one-year statute of limitations. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (one-year statute of limitations for 1983 actions under Tenn. Code § 28-3-104(a)). If this action were dismissed, Gibbons would be prejudiced in his ability to institute a new proceeding in state or federal court. That complication would also inure to the detriment of the Court, which would be asked to sort through complicated statute of limitations issues—unnecessary litigation a stay will avoid.

Accordingly, a stay of the civil proceedings would help minimize the significant potential for prejudice to Gibbons.

### D. Defendants will not suffer prejudice from a stay.

On the fourth factor, Defendants will suffer no substantial prejudice from a stay.

**E.    A stay is in the interest of the Court and the public because it will prevent unnecessary litigation over statutes of limitation and preserve court resources.**

As to the fifth and sixth factors, the Court and the public have an interest in avoiding additional briefing and argument over thorny questions about the statute of limitations and tolling that would arise from dismissal on *Younger* grounds. Further, "the factual record to be developed in the criminal trial will likely streamline the civil litigation." *Commodity Futures Trading Comm'n v. Giri*, No. 2:22-CV-03091, 2023 WL 2759810, at *4 (S.D. Ohio Apr. 3, 2023).

## CONCLUSION

This Court should enter an order staying all proceedings and deadlines in this action pending resolution of Plaintiff's state criminal matter.

Dated: January 16, 2024                       Respectfully submitted,

*/s/ J. Christopher Rose+*                    */s/ Adam Steinbaugh*
J. Christopher Rose (BPR #028106)             Adam B. Steinbaugh*
Sydney B. Gilbert (BPR #036022)               Pa. Bar No. 326475
**HUNTER, SMITH & DAVIS**                     FOUNDATION FOR INDIVIDUAL RIGHTS
1212 N. Eastman Road                              AND EXPRESSION
P. O. Box 3740                                510 Walnut Street, Suite 900
Kingsport, TN 37664                           Philadelphia, Pennsylvania 19106
(423) 378-8871                                Tel.: (215) 717-3473
crose@hsdlaw.com                              Fax: (267) 573-3073
sgilbert@hsdlaw.com                           Email: adam@thefire.org

+* *Signed by Adam Steinbaugh with*          *Admitted pro hac vice*
*permission of J. Christopher Rose*

                                              Dan Channing Stanley (TN Bar No. 210
**Counsel for Defendants**                   Richard E. Collins (TN Bar No. 024368)
                                              STANLEY & COLLINS, PLLC
                                              422 S. Gay Street, Suite 300
                                              Knoxville, TN 37902

(865) 522-9942
(865) 522-9945 fax
richard@knoxvilleattorney.com
dan@knoxvilleattorney.com

**Counsel for Plaintiff Joshua Gibbons**

Case 2:23-cv-00138-TAV-CRW     Document 23     Filed 01/16/24     Page 11 of 12
PageID #: 106

## CERTIFICATE OF SERVICE

I certify that on January 16, 2024, I have filed a true and correct copy of the foregoing electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Adam Steinbaugh
Adam B. Steinbaugh*