IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JOSHUA GIBBONS,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF KINGSPORT, *et al.*,<br><br>*Defendants*. | No. 2:23-cv-00138-TAV-CRW |

**JOINT REPORT OF 26(f) PLANNING CONFERENCE**

The Parties, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order of December 21, 2023 [Doc. 18], jointly submit the following Report of their Rule 26(f) planning conference for the Court's consideration.

**I.  The Parties' Rule 26(f) Conference.**

The following persons participated in a Rule 26(f) conference on Monday, January 15, 2023, by teleconference:

1. Adam Steinbaugh and Raul Ruiz, representing the Plaintiff; and
2. Christopher Rose, representing the Defendants.

**II.  Other Scheduling Matters: The Parties' Motion to Stay.**

Because there is a criminal case against Plaintiff Gibbons pending in a Tennessee state court, the parties have jointly moved this Court to stay this action and all deadlines until resolution of the criminal proceedings. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) ("appropriate" to stay a federal civil proceeding where *Younger* abstention applies); *Wallace v. Kato*, 549 U.S. 384, 393–94

(2007) (where a plaintiff files a "claim related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice to stay the civil action" until resolution of the state court action) (cleaned up). The parties propose that the Court continue all deadlines in this matter until the stay is lifted, at which point the Court would issue a new scheduling order and direct the parties to hold a second Rule 26(f) conference.

### III. Theories of the Parties.

#### A. Plaintiff's Theory of the Case.

Plaintiff Joshua Gibbons alleges that Defendants—a municipality and certain law enforcement officers and officials, including its Chief of Police—caused his arrest in retaliation for his online videos critical of the Kingsport Police Department and its officers. Gibbons confronted a Kingsport police officer at a fast-food drive-thru, accusing the officer of speeding. Gibbons filmed the encounter and posted the video on YouTube. The officer took no action at the time, but nine days later—and just hours after a member of the public complained about an officer's misconduct captured in another Gibbons video—Kingsport police raided Gibbons's home before dawn. They arrested him for speeding, unlawful use of a cell phone, and disorderly conduct. Gibbons alleges that Defendants retaliated against him in violation of the First Amendment, applied the state's disorderly conduct statute to reach protected expression, and violated his Fourth Amendment rights through false arrest and malicious prosecution.

#### B. Defendants' Theory of the Case.

As stated in the Defendants' Answer, the Defendants deny they are liable to the Plaintiff. It is specifically denied that the Defendants violated the Plaintiff's

constitutional rights or retaliated against the Plaintiff in any way. Rather, under the circumstances, the Defendants acted reasonably at all times. This includes the requisite probable cause to issue an arrest warrant. Furthermore, the Defendants deny there was any policy, custom, or practice on behalf of the City of Kingsport, or policy makers, which violated the Plaintiff's constitutional rights.

## IV. Fed. R. Civ. Pro. 26(f)(3) Discovery Plan Information and Proposals.

### A. Initial Disclosures.

The parties agreed to exchange initial disclosures ten days after the stay is lifted, unless the Court directs otherwise. Alternatively, if the joint motion for a stay is denied, the parties agreed to exchange initial disclosures ten days from that order.

### B. Scope of Discovery.

The scope of discovery will be as permitted by the Federal Rules of Civil Procedure.

### C. Timing of Discovery.

The parties agree that the requested stay of this action would stay discovery. The parties agree that discovery will commence at the time of the exchange of initial disclosures.

### D. Sequence of and Limitations on Discovery.

The parties do not believe that discovery should be conducted in phases or that any changes to the discovery procedures under the Federal Rules of Civil Procedure or the Local Rules of this Court are necessary at this time.

### E. Disclosure, discovery, or preservation of electronically stored information.

The parties are aware of their preservation and discovery obligations under the Federal Rules of Civil Procedure. The parties have taken reasonable measures to preserve relevant documents, including electronically stored information ("ESI"), that are maintained in locations and systems where such relevant information is likely to be found in accordance with the Federal Rules.

The parties agree that responsive electronic discovery will be produced in a commercially reasonable manner or in the manner kept in the producing party's regular course of business, whichever is less burdensome and economical for the producing party. If a party requests documents that are stored in an electronic format, the disclosing party will provide the requesting party electronic copies of the responsive documents in a reasonably usable form on CD, DVD, hard drive, by e-mail, or by other electronic means.

The parties agree that if electronic information (such as body-camera videos) requires proprietary or specialized software to utilize or view its native content, they will provide that software, unless software agreements prevent providing or sharing. In the unlikely event software is not able to be shared, the parties agree to meet, confer, and attempt to resolve this issue without Court intervention. Where applicable, the parties are to "bates" stamp documents for ease of reference.

The parties agree to meet and confer in the event they are unable to produce responsive records consistent with the foregoing. The parties further agree they will mutually and diligently work together regarding any future issues regarding electronic discovery if or when such issues may arise.

F.  **Service of discovery by email.**

The parties agree to the service of written discovery by email, with a hard copy to follow in regular United States mail.

G.  **Privilege or protection of trial-preparation materials.**

The parties do not anticipate any issues at this time.

V.  Prospects for Settlement.

The parties agree that settlement is unlikely while the criminal proceeding remains pending and will reevaluate after its conclusion.

VI. Magistrate Judge.

The parties do not consent to the exercise of jurisdiction by a magistrate judge at this time.

Dated: January 17, 2024                                    Respectfully submitted,

/s/ J. Christopher Rose*                                   /s/ Adam Steinbaugh
J. Christopher Rose (BPR #028106)                          Adam B. Steinbaugh*
Sydney B. Gilbert (BPR #036022)                            Pa. Bar No. 326475
**HUNTER, SMITH & DAVIS**                                  FOUNDATION FOR INDIVIDUAL RIGHTS
1212 N. Eastman Road                                           AND EXPRESSION
P. O. Box 3740                                             510 Walnut Street, Suite 1250
Kingsport, TN 37664                                        Philadelphia, Pennsylvania 19106
(423) 378-8871                                             Tel.: (215) 717-3473
crose@hsdlaw.com                                           Fax: (267) 573-3073
sgilbert@hsdlaw.com                                        Email: adam@thefire.org

*Signed by Adam Steinbaugh with                            *Admitted pro hac vice
permission of J. Christopher Rose

**Counsel for Defendants**                                 Dan Channing Stanley (TN Bar No. 21002)
                                                           Richard E. Collins (TN Bar No. 024368)
                                                           STANLEY & COLLINS, PLLC
                                                           422 S. Gay Street, Suite 300
                                                           Knoxville, TN 37902
                                                           (865) 522-9942
                                                           (865) 522-9945 fax

5

richard@knoxvilleattorney.com
dan@knoxvilleattorney.com

**Counsel for Plaintiff Joshua Gibbons**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the forgoing Rule 26(f) Report has been served upon the counsel for the parties in interest herein by operation of the court's electronic case filing system:

>J. Christopher Rose (BPR #028106)
>Sydney B. Gilbert (BPR #036022)
>**HUNTER, SMITH & DAVIS**
>1212 N. Eastman Road
>P. O. Box 3740
>Kingsport, TN 37664
>(423) 378-8871
>crose@hsdlaw.com
>sgilbert@hsdlaw.com
>
>*Counsel for Defendants*

Dated this 17th day of January, 2024.

>/s/ Adam Steinbaugh
>Adam Steinbaugh