UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JOSHUA GIBBONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:23-cv-138-TAV-CRW |
| | ) | |
| DALE PHIPPS, Chief of the City of Kingsport Police Department, in his individual capacity; CITY OF KINGSPORT, TENNESSEE; DANIEL HORNE, Sergeant Detective of the City of Kingsport Police Department, in his individual capacity; ROBERT MILLS, Detective of the City of Kingsport Police Department, in his individual capacity; DARELL JOHNSON, Lieutenant of the Kingsport Police Department, in his individual capacity; MARTIN TAYLOR, Lieutenant of the Kingsport Police Department, in his individual capacity; SEAN CHAMBERS, Commander of the City of Kingsport Police Department, in his individual capacity; and JASON BELLAMY, Deputy Chief of the City of Kingsport Police Department, in individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the parties' Joint Motion to Stay [Doc. 22], in which the parties request that the Court stay this matter pending the resolution of related state criminal proceedings. The parties state that plaintiff was convicted of disorderly conduct in Sullivan County General Sessions Court in February 2023 [Doc. 23, p. 3]. Plaintiff now awaits trial

*de novo* in Sullivan County Circuit Court, where he has moved to dismiss the disorderly conduct charge, with the next hearing set for March 8, 2024. Plaintiff's complaint in this matter states claims arising out of the same underlying events as the ongoing state criminal case [*Id.*]. The parties agree that staying this action pending resolution of the state court criminal case is appropriate both under the *Younger* abstention doctrine and in light of the Court's broad authority to stay a civil action pending resolution of a related criminal matter [*Id.* at 2–3]

The Court maintains the discretion to stay a civil proceeding pending the outcome of a related criminal action. *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). Factors bearing on this determination include:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). Additionally, the Court should consider "the extent to which [a] defendant's Fifth Amendment rights are implicated." *See id.* (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)).

Here, the parties have demonstrated that the factors warrant the Court staying this case pending resolution of the criminal action in Sullivan County Circuit Court. First, the cases arise from the same alleged conduct [*Id.* at 7]. Plaintiff's complaint alleges that his arrest, which forms the basis of the criminal charge for disorderly conduct against him,

2

violated his First and Fourth Amendment rights.  In the criminal matter, plaintiff has raised the First Amendment as a defense.  Second, plaintiff has already been indicted in the criminal matter [*Id.*].  Third, a stay is in plaintiff's interest because it will allow him to avoid simultaneous litigation of the civil and criminal actions, as well as any Fifth Amendment privilege issues that may arise during the discovery process in this case [*Id.* at 8–9].  Further, dismissal of this case could create statute of limitations issues [*Id.*].  Fourth, defendants submit that they will suffer no substantial prejudice from a stay [*Id.* at 9].  As to the fifth and sixth factors, a stay will promote judicial economy because resolution of the overlapping criminal case could moot or narrow issues raised in this case [*Id.* at 10].

In summary, the Court agrees with the parties' arguments and will stay this civil action pending the resolution of the related criminal case.  The parties' Joint Motion to Stay [Doc. 22] is **GRANTED**.  This case is **STAYED** pending resolution of the related criminal case in Sullivan County Circuit Court.[1]  The parties are **ORDERED** to notify the Court within **fourteen (14) days** of the resolution of the criminal case.  The parties are further **ORDERED** to file a joint status report regarding the status of the criminal matter **ninety (90) days** from the date of this Order, and every **ninety (90) days** thereafter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] At this time, the Court declines to approve an indefinite, blanket stay of this case through "any appeal" of the related criminal case from Sullivan County Circuit Court as proposed by the parties [Doc. 22-1].