**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**GREENEVILLE DIVISION**

| | |
|---|---|
| JOSHUA GIBBONS,<br>*Plaintiff,*<br>v.<br>CITY OF KINGSPORT, et al.,<br>*Defendants.* | No. 2:23-cv-00138-TAV-CRW<br>District Judge Thomas A. Varlan<br>Magistrate Judge Cynthia R. Wyrick |

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff Joshua Gibbons ("Gibbons" or "Plaintiff") respectfully moves this Court for leave to file a Supplemental Complaint, a copy of which is attached as Exhibit A.

Gibbons seeks leave to supplement his complaint to reflect the recent decision of the Tennessee Court of Criminal Appeals dismissing the criminal charge against Gibbons. The favorable resolution of the criminal charge is an element of Plaintiff's malicious prosecution claim and could not have been alleged when he filed his Complaint three years ago. That is an "event that happened after the date of the pleading to be supplemented," and this Court "may, on just terms, permit a party to serve a supplemental pleading setting out" that fact upon "motion and reasonable notice." Fed. R. Civ. P. 15(d). The Court should grant leave to file the Supplemental Complaint to advance Plaintiff's malicious prosecution cause of action.

## I. Facts and Procedural History

### A. Kingsport Police.

The Kingsport Police Department orchestrated a predawn raid of Gibbons' mother's home on October 18, 2022, to arrest him on a warrant for speeding, unlawful use of a cell phone, and disorderly conduct. Compl. (ECF No. 1) ¶¶ 77, 84. That decision was set in motion when the Department learned of videos Gibbons posted to his YouTube site, which unflatteringly depicted the Department's officers engaged in misconduct. *Id.* ¶¶ 52–65, 68–70.

Seizing on one such video, which showed Gibbons filming a speeding Kingsport Police SUV and confronting its driver in a fast-food drive-thru, the Department manufactured an arrest warrant by submitting a deceptive warrant application to a layperson court clerk. *Id.* ¶¶ 29–49, 52–53, 62–65, 71–75. Following Gibbons' predawn arrest, the first trial court dismissed the speeding and telephone charges but convicted Gibbons of disorderly conduct for criticizing a Kingsport police officer at the fast-food drive-thru. *Id.* ¶¶ 86–89. Gibbons exercised his right to a *de novo* trial. *Id.* ¶¶ 90–91.

### B. Gibbons files his Complaint to satisfy the statute of limitations and this Court stays the action.

On October 17, 2023, Gibbons initiated this action to preserve his rights ahead of a one-year statute of limitations. *See* Mem. Opinion & Order (ECF No. 25) at 2–3 (staying case because dismissal "could create statute of limitations issues"). Defendants filed their Answer (ECF No. 19) on January 5, 2024.

On joint motion, this Court stayed the action pending resolution of the remaining disorderly conduct charge. Mem. Opinion & Order (ECF No. 25) at 3.

Following the stay, the *de novo* trial resulted in a conviction on the disorderly conduct charge, which Gibbons then appealed to the Tennessee Court of Criminal Appeals. *See* Joint Status Report of July 25, 2025 (ECF No. 34) at 2.

### C. The Tennessee Court of Criminal Appeals reverses his conviction and dismisses the remaining charge.

On June 2, 2026, the Tennessee Court of Criminal Appeals issued an opinion holding the evidence against Gibbons was insufficient to support a conviction, reversed the trial court, and dismissed the disorderly conduct charge. *See* Joint Status Report & Motion to Lift Stay (ECF No. 39) at 2, Exs. A & B (ECF Nos. 39-1, 39-2). In granting Gibbons' appeal challenging the sufficiency of the evidence, the Court of Criminal Appeals found that, notwithstanding the presumption of guilt on appeal, no rational trier of fact could have found the essential elements of the offense. *State v. Gibbons*, No. E2025-00734-CCA-R3-CD, 2026 WL 1556190, at *4–*6 (Tenn. Crim. App. June 2, 2026) (ECF No. 39-2 at 6–10).

On joint motion, this Court lifted the stay on August 20, 2026. (ECF No. 40).

## II. This Court should grant leave to file a Supplemental Complaint.

Under Federal Rule of Civil Procedure 15(d), a district court has the discretion to allow a party to file a supplement to its pleading to account for events that took place after the pleading was filed. *Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 646 (E.D. Mich. 2021) (citing *White v. Corizon, Inc.*, No. 1:19-cv-948, 2020 WL 813410, at *7 (W.D. Mich. Feb. 19, 2020)).

Rule 15(d) provides, in pertinent part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. … The court may order that the opposing party plead to the supplemental pleading within a specified time.

Absent a showing that granting leave will prejudice a defendant, the "usual practice" is to grant leave to supplement. *McHenry v. Ford Motor Co.*, 269 F.2d 18, 24–25 (6th Cir. 1959). "[I]n exercising its discretion, a trial court should be mindful that supplementation, like amendment, should be freely granted" absent a showing of prejudice, inefficiency, or futility. *Bormuth*, 548 F. Supp. 3d at 646 (quoting *Coleman v. Gullet*, No. CIV.A. 12-10099, 2013 WL 4026839, at *5 (E.D. Mich. Aug. 6, 2013)).

In deciding a motion to supplement a complaint, courts consider six factors: "(1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile." *Brian A. v. Bredesen*, No. 3:00-0445, 2009 WL 4730352, at *2 (M.D. Tenn. Dec. 4, 2009) (citing *Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 154 (E.D. Mich. 1998)).

Here, good cause supports Plaintiff's motion: The proposed Supplemental Complaint closes the loop on Plaintiff's malicious prosecution cause of action, which requires an allegation that the underlying action was finally terminated in Plaintiff's favor. *See Mynatt v. Nat'l Treasury Emps. Union, Ch. 39*, 669 S.W.3d 741, 752 (Tenn.

2023). Plaintiff has not unduly delayed filing this motion, nor is this motion filed with a dilatory motive. This Court lifted the stay in this action only recently, and the deadline to file an amended complaint will not expire until March 26, 2027. *See* Scheduling Order (ECF No. 18), Order Granting Motion to Stay (ECF No. 25), and Order Lifting Stay (ECF No. 40). And Defendants, for their part, are not without notice, as they are aware of the resolution of the criminal matter. *See* Joint Status Report and Motion to Lift Stay (ECF No. 39). Nor have there been any prior failures to cure deficiencies, as Plaintiff has never amended his Complaint. Supplementation is not futile: favorable termination of the criminal proceeding is an element of the malicious prosecution cause of action, and the proposed pleading alleges it. And the early stage of these proceedings means Defendants will not suffer prejudice from supplementation but will instead have better notice as to the bases of Plaintiff's claims.

## III. Conclusion

This Court should grant the motion and order that Defendants "plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d).

Dated: September 18, 2026

Respectfully submitted,


*/s/ Adam Steinbaugh*
Adam B. Steinbaugh*
Pa. Bar No. 326475
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19106
Tel.: (215) 717-3473

Fax: (267) 573-3073
Email: adam@fire.org

*Admitted pro hac vice*

Dan Channing Stanley (TN Bar No. 021002)
Richard E. Collins (TN Bar No. 024368)
STANLEY & COLLINS, PLLC
422 S. Gay Street, Suite 300
Knoxville, TN 37902
(865) 522-9942
(865) 522-9945 fax
richard@knoxvilleattorney.com
dan@knoxvilleattorney.com

Ursula Bailey (TN Bar No. 020616)
LAW OFFICES OF URSULA BAILEY
422 S. Gay Street, Suite 301
Knoxville, TN 37902
Phone: (865) 337-5737
Fax: (865) 522-9945
Email: ubailey65@gmail.com

**Counsel for Plaintiff Joshua Gibbons**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Motion for Leave to Supplement Complaint has been served upon the counsel for the parties in interest herein by operation of the court's electronic case filing system:

J. Christopher Rose (BPR #028106)
Sydney B. Gilbert (BPR #036022)
**HUNTER, SMITH & DAVIS**
1212 N. Eastman Road
P.O. Box 3740
Kingsport, TN 37664
(423) 378-8871
crose@hsdlaw.com
sgilbert@hsdlaw.com
*Counsel for Defendants*

Dated this 18th day of September, 2026

/s/ Adam Steinbaugh
Adam Steinbaugh