UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JOSHUA GIBBONS,<br><br>Plaintiff,<br><br>vs.<br><br>DALE PHIPPS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:23-CV-138 |

**ORDER**

Plaintiff filed a Motion for Leave to Supplement Complaint [Doc. 41] seeking to add facts about the disposition of a criminal charge by the Tennessee Court of Criminal Appeals, which occurred after the filing of both Plaintiff's Complaint and Defendant's Answer. This case was stayed by the District Court on February 1, 2024, pending resolution of the related state criminal case. [Doc. 25]. The District Court lifted the stay on August 20, 2026, after receiving notification from the parties that the judgment of the Tennessee Court of Criminal Appeals had been mandated and was now final. [Doc. 40]. Plaintiff now seeks to supplement his complaint to reflect the decision of the Tennessee Court of Criminal Appeals. [Doc. 41].

Rule 15 of the Federal Rules of Civil Procedure permits the amendment of a pleading within 21 days of service or thereafter with the opposing party's written consent or leave of the court. Leave should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Amendment only applies, however, if the facts and circumstances occurred prior to the filing of the original complaint. *Stewart v. Shelby Tissue, Inc.*, 189 F.R.D. 357, 361 (W.D. Tenn. 1999). If events or occurrences arise after the filing of the original complaint, leave to file a supplemental

complaint should be sought pursuant to Fed. R. Civ. P. 15(d). *Id*. The decision about whether to allow the filing of a supplemental complaint is within the court's discretion but typically motions to file supplemental pleadings are granted. *Id*. (citing *McHenry v. Ford Motor Co.,* 269 F.2d 18, 25 (6th Cir.1959)). The Court follows the same analysis regardless of the type of amendment sought, meaning that, here, the court should consider "whether there was 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.' " *Foltz v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., Loc. 1264*, No. 24-1298, 2025 WL 1082960, at *3 (6th Cir. Feb. 21, 2025) (quoting *Campfield v. Safelite Grp., Inc.*, 91 F.4th 401, 414 (6th Cir. 2024), citation omitted).

In addressing these factors, the Court notes that the decision handed down by the Tennessee Court of Criminal Appeals directly impacts the question of whether Plaintiff can satisfy an element of his malicious prosecution claim, but the decision was not yet available when Plaintiff filed his initial complaint. Further, Defendants have not filed a response in opposition and in fact moved jointly with Plaintiff to lift the stay once the Tennessee Court of Criminal Appeals issued its ruling. [Docs. 22 & 28-39]. Finally, there is no evidence that Plaintiff is acting in bad faith or has engaged in undue delay nor is there any repeated failure to cure deficiencies at issue. Accordingly, the Court finds that it would not be futile to permit Plaintiff to supplement to include this new information.

Based upon the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to Supplement Complaint [Doc. 41]. Plaintiff is **DIRECTED** to file his supplemental complaint on or before **October 19, 2026**.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge