**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE**

**JOSHUA GIBBONS,**
**Plaintiff,**

**v.**

**CITY OF KINGSPORT, a political subdivision of the State of Tennessee;**

**DALE PHIPPS, the Chief of the City of Kingsport Police Department, in his individual capacity;**

**JASON BELLAMY, Deputy Chief of the City of Kingsport Police Department, in his individual capacity;**

**SEAN CHAMBERS, Commander of the City of Kingsport Police Department, in his individual capacity;**

**MARTIN TAYLOR, a Lieutenant of the City of Kingsport Police Department, in his individual capacity;**

**DARRELL JOHNSON, a Lieutenant of the City of Kingsport Police Department, in his individual capacity;**

**ROBERT MILLS, a Detective of the City of Kingsport Police Department, in his individual capacity;**

**DANIEL HORNE, a Sergeant Detective of the City of Kingsport Police Department, in his individual capacity;**

**Defendants.**

**CIVIL ACTION NO.: 2:23-CV-00138**
**JURY TRIAL DEMANDED**

**ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT**

Come the Defendants, the City of Kingsport, Dale Phipps, Jason Bellamy, Sean Chambers, Martin Taylor, Darell Johnson, Robert Mills, and Daniel Horne (hereinafter collectively referred to as "Defendants"), by and through counsel, and file this Answer to Plaintiff's Supplemental Complaint, and would state as follows:

1. Answering Paragraph 1 of the Supplemental Complaint, pursuant to *Federal Rule of Civil Procedure* 10(c), Defendants hereby incorporate by reference the responses contained in paragraphs 1–9 of the Answer, Document 19, Page ID #69–71.

2. Answering Paragraph 2 of the Supplemental Complaint, pursuant to *Federal Rule of Civil Procedure* 10(c), Defendants hereby incorporate by reference the responses contained in paragraphs 10–13 of the Answer, Document 19, Page ID #71.

3. Answering Paragraph 3 of the Supplemental Complaint, pursuant to *Federal Rule of Civil Procedure* 10(c), Defendants hereby incorporate by reference the responses contained in paragraphs 14–26 of the Answer, Document 19, Page ID #71–73.

4. Answering Paragraph 4 of the Supplemental Complaint, pursuant to *Federal Rule of Civil Procedure* 10(c), Defendants hereby incorporate by reference the responses contained in paragraphs 27–72 of the Answer, Document 19, Page ID #73–77.

5. Answering Paragraph 5 of the Supplemental Complaint, the allegations contained therein are admitted.

6. Answering Paragraph 6 of the Supplemental Complaint, the allegations contained therein are admitted.

7. Answering Paragraph 7 of the Supplemental Complaint, the referenced decision will speak for itself and is the best evidence thereof.

8. Answering Paragraph 8 of the Supplemental Complaint, the referenced decision will speak for itself and is the best evidence thereof.

9. Answering Paragraph 9 of the Supplemental Complaint, pursuant to *Federal Rule of Civil Procedure* 10(c), Defendants hereby incorporate by reference the responses contained in paragraphs 73–76 of the Answer, Document 19, Page ID #77–78.

10. Answering Paragraph 10 of the Supplemental Complaint, pursuant to *Federal Rule of Civil Procedure* 10(c), Defendants hereby incorporate by reference the responses contained in paragraphs 77–93 of the Answer, Document 19, Page ID #78–80, and their answers to Paragraphs 4–8 of the Supplemental Complaint.

11. Answering Paragraph 11 of the Supplemental Complaint, the record of the referenced proceedings will speak for itself and is the best evidence thereof.

12. Answering Paragraph 12 of the Supplemental Complaint, pursuant to *Federal Rule of Civil Procedure* 10(c), Defendants hereby incorporate by reference the responses contained in paragraphs 94–104 of the Answer, Document 19, Page ID #80–81, and their answers to Paragraphs 4–8 of the Supplemental Complaint.

13. Answering Paragraph 13 of the Supplemental Complaint, the record of the referenced proceedings will speak for itself and is the best evidence thereof.

14. Answering Paragraph 14 of the Supplemental Complaint, pursuant to *Federal Rule of Civil Procedure* 10(c), Defendants hereby incorporate by reference the

responses contained in paragraphs 105–124 of the Answer, Document 19, Page ID #81–83, and their answers to Paragraphs 4–8 of the Supplemental Complaint.

15. Answering Paragraph 15 of the Supplemental Complaint, the record of the referenced proceedings will speak for itself and is the best evidence thereof.

16. Answering Paragraph 16 of the Supplemental Complaint, pursuant to *Federal Rule of Civil Procedure* 10(c), Defendants hereby incorporate by reference the responses contained in paragraphs 125–141 of the Answer, Document 19, Page ID #83–84, and their answers to Paragraphs 4–8 of the Supplemental Complaint.

17. Answering Paragraph 17 of the Supplemental Complaint, the record of the referenced proceedings will speak for itself and is the best evidence thereof.

18. Answering the "Prayer for Relief", pursuant to *Federal Rule of Civil Procedure* 10(c), Defendants hereby incorporate by reference the responses contained in paragraphs 142–143 of the Answer, Document 19, Page ID #84.

19. Answering "Demand for Jury Trial", Defendants also request a trial by jury.

20. The Defendants aver they are not liable to the Plaintiff in any amount whatsoever.

21. The Complaint fails to state a claim upon which relief can be granted.

22. Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983; specifically, any violation of the First Amendment and/or Fourth Amendment.

23. At all times, the individual Defendants collectively and/or individually acted as a reasonable officer would under the circumstances.

24. The individual Defendants aver and specifically plead their actions are protected by qualified immunity.

25. Plaintiff has sued Chief Dale Phipps, Deputy Chief Jason Bellamy, Commander Chambers, Lieutenant Taylor, Lieutenant Johnson, Detective Mills, and Sergeant Horne in their official capacity, which is the same as suing the City of Kingsport, Tennessee. Any and all defenses of the City of Kingsport are also available to the individual Defendants, including, but not limited to, the affirmative defenses contained in the Tennessee Governmental Tort Liability Act and the Public Duty Doctrine.

26. The training provided by the City of Kingsport, Tennessee to its police officers meet and/or exceeds all requirements under law.

27. The policies and practices of the City of Kingsport, Tennessee are lawful and comply with all constitutional requirements in all aspects.

28. Further answering the Complaint and Supplemental Complaint, any allegations in Plaintiff's Complaint not heretofore admitted, denied, or explained are hereby separately and specifically denied and strict proof is demanded.

29. The Defendants reserve the right to amend their Answer as litigation proceeds and discovery continues.

**[signature on next page]**

s/J. Christoper Rose
J. Christopher Rose (BPR #028106)
Sydney B. Gilbert (BPR #036022)
*Counsel for City of Kingsport*
**HUNTER, SMITH & DAVIS, LLP**
1212 N. Eastman Road
P. O. Box 3740
Kingsport, TN 37664
(423) 378-8871
Fax: (423) 378-8801
crose@hsdlaw.com
sgilbert@hsdlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, J. Christopher Rose, hereby certify that on the 26th day of October, 2026, an exact copy of the foregoing ***Answer to Plaintiff's Supplemental Complaint*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties or their counsel listed upon the filing receipt. All other parties or their counsel, if any, will be served by regular United States Mail. Parties or their counsel may access this filing through the Court's electronic filing system.

*s/J. Christopher Rose*